IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAYLA M. LARSON CHRISTIANSON,

                Plaintiff,

  v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,

                Defendant.

OPINION and ORDER

21-cv-328-jdp

---

Plaintiff Kayla M. Larson Christianson seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Christianson was not disabled within the meaning of the Social Security Act. Christianson challenges the decision on numerous grounds, but they fall into two broad categories: mishandling the medical opinion evidence and discounting Christianson's subjective symptoms.[1]

Christianson's disability claim is based on a gunshot wound from 1998, when Christianson was ten years old. Christianson says that her pain from that wound is still so severe that she is unable to work, even in a sedentary job. One reasonable view of the evidence would support Christianson's claim. But this court's job is not to decide in the first instance whether Christianson is as limited as she says she is but only to determine whether there is a reasonable basis for the finding in this case that she isn't. Administrative law judge Michael

---

[1] Christianson included an additional argument in her opening brief that the ALJ's decision was invalid under *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). But Larson withdrew that argument in her reply brief, Dkt. 22, at 15, so the court need not consider it.

Schaefer (ALJ) provided adequate reasons based on the evidence for discounting the opinion of Christianson's treatment provider and for declining to credit all of Christianson's subjective complaints. That was all the ALJ was required to do under the deferential standard of review, so the court will affirm the ALJ's decision.

BACKGROUND

Christianson applied for disability insurance benefits, alleging disability beginning in July 2018. R. 18.[2] In an October 2020 decision, the ALJ found that Christianson suffered from one severe impairment: an abdominal Keloid scar, secondary to her gunshot wound. *Id.* Based on that impairment, the ALJ limited Christianson to sedentary work, with the following additional restrictions:

- no more than occasional pushing or pulling with the bilateral upper extremities, and no pushing or pulling overhead with the right upper extremity;

- no climbing ladders, ropes or scaffolds; no more than occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling;

- no more than frequent reaching side to side or to the front, and no more than occasional reaching above shoulder height with bilateral upper extremities;

- no more than occasional exposure to extremes of wetness or vibration;

- no more than occasional exposure to workplace hazards (including moving machinery and unprotected heights);

- no fast-paced production quotas or rates, meaning that any production requirements should be more goal oriented, such as based on a daily or weekly or monthly quota rather than assembly line work or other similar work.

R. 21–22.

---

[2] Record cites are to the administrative transcript located at Dkt. 13.

Based on the testimony of a vocational expert, the ALJ found that Christianson was not disabled because she could perform jobs that are available in significant numbers in the national economy, such as order clerk, office helper, and assembler. R. 25. The Appeals Council declined review. R. 1–6.

Christianson now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## ANALYSIS

Christianson asserts that the ALJ committed errors that fall into two categories. The court will consider each category in turn.

### A. Medical opinions

Christianson objects to the ALJ's handling of the opinion of Amy Prindle, a certified physician assistant who treated Christianson. Christianson contends that the ALJ didn't adequately explain why he didn't credit the opinion or why he found the opinions of the state-agency physicians more persuasive. The parties agree that the opinions of both Prindle and the state-agency consultants are evaluated under 20 C.F.R. § 404.1520c, which requires the ALJ to consider how well supported the opinion is and how consistent it is with the overall record.

Prindle offered an opinion that Christianson suffers from severe and persistent pain in her abdomen and back because of a scar that "limits range of motion." R. 1339–41. As a result of that pain, Prindle concluded that Christianson would be significantly limited in performing numerous tasks, both physical and mental, including walking, standing, sitting, lifting, reaching, handling, fingering, and concentrating. Prindle also wrote that Christianson would need to take more than three daily breaks for pain, and she would miss eight days of work each month to attend physical therapy sessions.

Two state-agency physicians, Ronald Shaw and Sai Nimmagadda, conducted reviews of Christianson's medical records. R. 109–48. Both offered an opinion that Christianson could perform sedentary work, with additional limitations for climbing, crouching, and stopping.

The ALJ found the opinion of each of the state-agency consultants to be "generally persuasive as far as it goes," citing the following reasons: (1) the opinions were "supported with reference to objective criteria, which shows the claimant's Keloid scar post gunshot wound as tender and painful, worse with movement or exertion;" (2) the opinions were consistent with the record, "which shows the claimant demonstrates some reduced mobility due to her Keloid scar"; and (3) the opinions were consistent with each other. R. 23.

The ALJ found that Prindle's opinion isn't persuasive because it isn't adequately supported, and it's inconsistent with the record. Specifically, the ALJ wrote that the opinion isn't "fully supported with reference to objective criteria." R. 24. He also wrote that the opinion is inconsistent with: (1) evidence showing that Christianson has full range of motion in all four extremities, full strength in her bilateral upper extremities with no focal weakness; and (2) the opinions of the state agency consultants.

4

The ALJ's decision not to credit Prindle's opinion is supported by substantial evidence. As for the objective evidence, the ALJ is correct that Prindle cited little. She referred generally to Christianson's scar and attached pictures of it, but she cited no objective evidence supporting the specific functional limitations she included in the opinion. It was also reasonable for the ALJ to find that Prindle's opinion was inconsistent with other evidence in the record. Specifically, Prindle found that Christianson's range of motion and ability to lift and handle were limited, but examinations showed that Christianson had full range of motion and full strength.

Christianson challenges the ALJ's handling of Prindle's opinion on numerous grounds, but none are persuasive. First, she says that the ALJ didn't explain what additional objective criteria he wanted Prindle to provide. But the ALJ is only required to "minimally articulate" his reasoning. *Grotts v. Kijakazi*, 27 F.4th 1273, 1276 (7th Cir. 2022). Prindle cites no authority for the view that the ALJ is required to identify the specific evidence that a claimant needs to support her claim.

Second, Christianson says that Prindle wasn't required to provide more information because "[s]he answered every relevant question on the form." Dkt. 19, at 8. She cites *Scivally v. Sullivan*, 966 F.2d 1070 (7th Cir. 1992), as support, but the portion of *Scivally* that Christianson cites says only that the ALJ should consider the format of two medical reports when determining whether the reports are inconsistent, *see id*. at 1076–77. *Scivally* doesn't require the ALJ to credit a report simply because the medical source fills out the form properly, and such a rule wouldn't make sense. *See Marshall v. Kijakazi,* No. 21-cv-98-jdp, 2022 WL 2914492, at *3 (W.D. Wis. July 25, 2022) ("[T]he court [in *Scivally*] didn't hold that ALJs are

5

precluded from considering a medical source's explanation when determining the persuasiveness of an opinion.").

Third, Christianson cites other medical records that she says provide objective support for Prindle's opinion, including: (1) Prindle's treatment notes observing abdominal tenderness to palpation and tight skin around her scar that was painful to the touch; (2) the treatment notes of physician Abigail Ho, who observed allodynia over Christianson's abdomen with light touch, reduced sensation over her abdomen; abdominal rectus and oblique muscle tenderness with multiple trigger points, lumbar paraspinal muscle tenderness with trigger points, reduced shoulder abduction due to her scar and discomfort with range of motion; and posturing with a right lateral lean while seated; and (3) the treatment notes of physician Darrin Antonelli, who observed that Christianson's scar was thick and contracted, causing pulling and pain sensations and that her abdominal skin was tight and painful to the touch. R. 672, 676–77, 681, 1347-48, 1377. Christianson doesn't explain how these treatment notes support her disability claim. They are evidence that Christianson's scar caused her some pain, but none of these notes indicate the severity of Christianson's pain, and they include no functional limitations. In fact, Ho didn't offer an opinion that Christianson had any physical limitations.

Fourth, Christianson cites medical records from multiple treatment providers who recorded Christianson's reports of pain. But those records aren't based on the providers' diagnostic tests or examinations, and the ALJ doesn't have to credit medical records that are based on the claimant's subjective complaints. *Karr v. Saul*, 989 F.3d 508, 511–12 (7th Cir. 2021). The court will consider those complaints in the next section of the opinion.

Fifth, Christianson says that some of the records the ALJ relied on predated her disability onset date by four months, so the ALJ shouldn't have considered them. But

6

Christianson cites no authority for the view that medical records that fall outside the claimed disability period are categorically irrelevant. In this case, Christianson claimed disability based on an injury that she had sustained in 1998, so it was reasonable for the ALJ to consider the record as a whole, at least in the absence of medical evidence that Christianson's condition worsened after the records were prepared. *See Hurdis v. Colvin, No.* 12-cv-601-wmc, 2014 WL 6982298, at *9 (W.D. Wis. Dec. 10, 2014) ("[A]n ALJ must consider all evidence in the administrative record—even evidence that predates the alleged onset date—as such evidence may be particularly relevant to assessing a claimant's disability after the alleged onset date."). In her reply brief, Christianson contends for the first time that her condition did worsen, and she cites several medical records without elaboration. Dkt. 22, at 5 (citing R. 92, 671, 1349, 1369, 1373). But those records are either Christianson's own statements, or they don't address the question whether Christianson is improving or deteriorating. Again, the court will consider Christianson's subjective complaints in the next section.[3]

Sixth, Christianson says that one of the records the ALJ relied on is from a visit to the emergency room, which supports the view that Christianson's abdominal pain was so severe that she can't work. But this is another argument based on Christianson's subjective complaints. The emergency room staff couldn't find a source of pain, all of their examinations were normal, and their treatment recommendation was to "rest" and "[c]ontinue on Tylenol

---

[3] The commissioner points out that Christianson rated her pain as a six out of ten both before and after her onset date. *Compare* R. 93 and R. 447. Larson objects to any consideration of that fact because the ALJ didn't rely on it. But Christianson misses the point of the commissioner's argument. The records the commissioner cites are simply evidence that Christianson's condition didn't significantly deteriorate after her onset date, which shows that records predating the onset date are informative, and the ALJ was entitled to consider them. The ALJ is required to explain his decision, but he isn't required to anticipate misplaced objections to relevant evidence.

for aches and pains." R. 447–49. So the emergency room records don't provide objective support for Christianson's disability claim.

Seventh, Christianson says that the ALJ erred by relying on a record from a medical appointment that wasn't related to her abdominal pain. The appointment at issue related to Christianson's pregnancy rather than her abdominal pain, but there is no rule that limits the ALJ to considering medical evidence in the narrow way that Christianson suggests. The ALJ relied on the physician's observation that Christianson was "able to get up on exam table easily and unassisted." R. 685. That's inconsistent with the severe limitations in Prindle's report, and Christianson doesn't contend otherwise. So it was reasonable for the ALJ to consider the physician's observation.

Eighth, Christianson says that the ALJ overlooked Prindle's opinion that Christianson would be absent from work two days a week because of physical therapy appointments. But that wasn't a medical opinion; it was simply an assumption that Christianson wouldn't be able to schedule physical therapy around her job. There are no facts in Prindle's report supporting that assumption. The commissioner cites *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018), in which the court rejected as "frivolous" an argument that the claimant would be unable to work in part because of weekly doctor's appointments, observing that the plaintiff didn't "point to anything in the record to suggest that his appointments would require him to miss a full day of work or that he could not schedule his appointments outside of working hours." *Best* is on point, and Christianson doesn't attempt to distinguish the case in her reply brief.

Ninth, and finally, Christianson says that the ALJ failed to adequately explain why the opinions of the state-agency consultants were more persuasive than Prindle's. Christianson is

correct that the ALJ cited Christianson's scar as the only objective evidence that supports the consultants' opinions, without explaining how the scar supports a finding that Christianson can perform sedentary work. But substantial evidence supports the ALJ's conclusion that the consultants' opinions were more consistent with the record, which didn't demonstrate the level of impairment that Prindle opined. It was also reasonable for the ALJ to place some weight on the agreement between the two consultants. After all, Prindle was the only medical source who offered an opinion suggesting that Christianson was disabled. One of Christianson's physicians, Charles Bantle, also offered an opinion, but he didn't place *any* restrictions on Christianson. R. 1008.

In any event, it was ultimately Christianson's burden to prove her disability claim. *See Brumbaugh v. Saul,* 850 F. App'x 973, 977 (7th Cir. 2021). So even if the ALJ's explanation for finding the consultants' opinions persuasive was lacking, that wouldn't mean that Christianson is entitled to a remand. The ALJ identified good reasons for rejecting the opinion that Christianson relied on, so a conclusion that the consultants' opinions were also unpersuasive wouldn't suggest a different result. The ALJ isn't required to rely on any medical opinion, *Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007), and Christianson doesn't contend that there was insufficient evidence to allow the ALJ to make a decision without such an opinion. In sum, Christianson hasn't identified any error by the ALJ in handling the opinion evidence that requires a remand.

## B. Subjective complaints

The ALJ summarized Christianson's subjective complaints, including the following:

- Her pain got worse after her bowel obstruction surgery.
- She cannot sit for more than ten minutes at a time.

- She cannot lift "much" with her right hand, and she has difficulty raising her right hand over her head.

- She has difficulty getting up when she's sitting.

- She has difficulty sleeping because of pain, so she suffers from fatigue during the day.

- On "bad days," she is unable to take care of her daughter.

R. 21, 87, 92.

The ALJ found that Christianson's symptoms weren't as severe as she alleged, and he relied on examination findings by treatment providers, Christianson's statements and test results after surgery, and Christianson's activities of daily living. As for the examination findings, Christianson demonstrated full strength and full range of motion in all extremities, her extremities appeared normal, she was able to get on and off an exam table without assistance, and she demonstrated a steady and normal gait. R. 22. As for Christianson's statements and test results after surgery, Christianson told treatment providers a few weeks after surgery that she had no pain and was feeling good. A CT scan demonstrated no bowel obstruction and a normal spleen, liver, and pancreas. *Id.* As for Christianson's activities of daily living, she went horseback riding and was able to mount a horse without assistance, and she was able to drive a car, shop for groceries, care for pets, do household chores, and watch television. *Id.*

The ALJ also discussed Christianson's allegations of fatigue. *Id.* He said those were inconsistent with medical records showing that she presented to providers as alert, oriented, and pleasant, and she was able to follow written and spoken instructions without difficulty. *Id.*

Christianson contends that the ALJ failed to adequately consider her allegations of pain and fatigue. The standard for reviewing the ALJ's evaluation of the claimant's subjective

10

complaints is deferential. The claimant must show that the determination is "patently wrong," meaning that it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008). Even minor inconsistencies in a claimant's statements may be enough under some circumstances to uphold an ALJ's adverse determination regarding a claimant's subjective complaints. *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). Under this standard, Christianson hasn't shown that the ALJ's decision is so flawed that a remand is required.

1. **Pain**

Substantial evidence supports the ALJ's conclusion that Christianson's pain wasn't as severe as she alleged. For example, he identified multiple inconsistencies between her allegations and the record. Christianson's allegation that her pain got worse after surgery is inconsistent with her statement to treatment providers a few weeks after surgery that she had no pain and was feeling good. R. 381. Her allegation that she can't sit for more than ten minutes at a time was inconsistent with her testimony that she can drive for at least 45 minutes. R. 73. Her statement that she can't lift much with her right hand and has difficulty reaching was inconsistent with examination findings that she has full strength and range of motion in both upper extremities. Her allegation that she has difficulty getting up when she's sitting is inconsistent her physician's observation that she had no difficulty getting on to the examination table. It was also reasonable for the ALJ to find that Christianson's ability to mount a horse without assistance was inconsistent with her allegations because mounting a horse and riding it would require reaching, bending, and extended sitting, activities that Christianson said aggravated her pain.

Christianson challenges the ALJ's analysis on several grounds, but, again, none are persuasive. First, Christianson says that the ALJ didn't adequately explain how her statements

11

were inconsistent with other evidence. This is a fair criticism: the ALJ didn't elaborate on his reasons for finding an inconsistency. But any error is harmless because the inconsistencies are obvious, as the court has described above.

Second, Christianson says that the ALJ failed to acknowledge the objective evidence that supports her pain allegations. But the court already discussed this issue in the context of the medical opinions. The evidence Christianson cites may show that Christianson has pain, but the ALJ didn't deny that Christianson suffers from pain. Rather, he concluded only that her pain isn't as limiting as she alleges. The medical records she cites don't address that issue.

Third, Christianson says that the ALJ shouldn't have considered her activities of daily living, including horseback riding, as evidence that she can work because she stated that she has difficulty doing all of the activities. She cites *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009), which holds that "[a]n ALJ cannot disregard a claimant's limitations in performing household activities." The commissioner says that the ALJ did account for Christianson's difficulties in performing her activities of daily living. But even if that's wrong, the principle in *Moss* doesn't squarely apply in the context of considering a leisure activity like horseback riding. In *Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022), the ALJ found that the claimant's alleged limitations in kneeling, squatting, and crouching were inconsistent with her acknowledgement that she continued to garden. Although the claimant said that gardening caused her pain as well, the court of appeals concluded that it was appropriate for the ALJ to consider her gardening because it is "a voluntary activity that would have aggravated the conditions she alleges were disabling," suggesting that she wasn't as limited as she alleged. *Id.*

*Prill* is on point. Like gardening, horseback riding is a voluntary activity that Christianson has no obligation to participate in, so the ALJ was entitled to find that her

decision to continue the activity undercuts her disability claim. The commissioner cited *Prill* in her opposition brief, but Christianson doesn't try to distinguish it in her reply brief.

Fourth, Christianson says that the ALJ should have considered her treatment history when evaluating her subjective complaints. She cites *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004), in which the court criticized the ALJ's credibility analysis for failing to give any weight to the claimant's treatment history, "which included not only heavy doses of strong drugs such as Vicodin, Toradol, Demerol, and even morphine, but also the surgical implantation in her spine of a catheter and a spinal-cord stimulator." The court of appeals concluded that it was unlikely that a claimant would go through such drastic treatment "merely in order to strengthen the credibility of her complaints of pain and so increase her chances of obtaining disability benefits." *Id. Carradine* bears little resemblance to this case, in which plaintiff has been treated primarily through medication and physical therapy. Such treatment isn't suggestive of severe functional limitations as the treatment in *Carradine* was.

Fifth, and finally, Christianson says that the ALJ erred by failing to explain "how she would be able to work on her 'bad days' where her pain levels were higher than usual." Dkt. 19, at 19. But the only evidence that Christianson cites of these "bad days" is her own testimony, and she said that "[p]retty much every day" is a "bad day." R. 91. So Christianson's argument about "bad days" is really just an argument that the ALJ should have accepted her allegations about the severity of her pain. For the reasons the court has already discussed, substantial evidence supports the ALJ's contrary conclusion, so Christianson isn't entitled to a remand on this ground.

**2. Fatigue**

Christianson says that the ALJ failed to adequately consider her fatigue. In her opening brief, Christianson failed to acknowledge the reasons the ALJ gave for discounting her fatigue allegations, so she has forfeited the issue. In any event, the only basis for Christianson's fatigue was that her pain was so severe that it prevented her from sleeping properly. The court has concluded that substantial evidence supports the ALJ's finding that Christianson isn't in as much pain as she says she is, so it follows that the ALJ was entitled to discount her allegations of fatigue as well.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered September 12, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge